IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STILYANA KRASSIMIROVA PATISHANOVA<br>and KRASSIMIR DIMITROV PATISHANOV;<br><br>    Plaintiffs/Petitioners<br><br>    v.<br><br>SUSAN DIBBINS,<br>Chief of USCIS Office of Administrative Appeals;<br><br>EMILY ROSE F. COSTA,<br>Field Office Director, USCIS Boston Field Office;<br><br>DENIS RIORDAN,<br>District Director, USCIS Massachusetts District Office;<br><br>and<br><br>ANDREW DAVIDSON<br>Acting Director, U.S. Citizenship<br>and Immigration Services;<br><br>    Defendants/Respondents. | CASE NO. |

_____/

**PETITION FOR WRIT OF MANDAMUS, FOR ORDER TO VACATE,
FOR ORDER NUNC PRO TUNC AND
COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiffs/Petitioners ("Plaintiffs"), STILYANA KRASSIMIROVA PATISHANOVA and KRASSIMIR DIMITROV PATISHANOV, by and through the undersigned counsel, respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Defendants/Respondents, SUSAN DIBBINS, Chief of USCIS

1

Office of Administrative Appeals *et al.*, to grant Plaintiffs's N-600K Application for Certificate of Citizenship pursuant to INA Section 322, *nunc pro tunc*. In support thereof, Plaintiffs allege as follows:

## **FACTS**

1. Mr. Krassimir Patishanov is the U.S. Citizen Father of Stilyana Patishanova. Both Plaintiffs currently reside in Bulgaria.

2. On November 11, 2022, Mr. Patishanov filed an Application for N-600K under INA Section 322, which is a naturalization provision for children of at least one U.S. citizen parent, who did not acquire citizenship at birth or after birth through INA Section 320.

3. On June 23, 2022, Plaintiffs attended an interview at the USCIS Boston Field Office. At this time, Ms. Patishanova was under the age of 18 and eligible to be naturalized under INA Section 322.

4. At the interview, the USCIS officer denied the application. The officer erroneously determined that the child does not qualify to obtain the certificate of citizenship under INA 322 because her birth certificate showed that she was born on July 26, 2004 and her Father naturalized on December 13, 2006. Therefore, the application was denied solely because the Father was not a US citizen at the time of the birth of Ms. Patishanova. Plaintiffs were told that Ms. Patishanova was ineligible for a Certificate of Citizenship under section 322 of the INA. However, USCIS did not provide them with a written decision at that time.

5. On July 26, 2022, Ms. Patishanova turned 18 years old.

6. On August 3, 2022, Plaintiff's attorney of record sent requests to USCIS to issue a written decision, so that an appeal may be filed based on the written official denial decision.

7. Finally, on or about October 13, 2022, a Denial Notice appeared on the online portal. However, the uploaded date incorrectly stated to be June 28, 2022 for an unknown reason. On the other hand, the Denial Notice itself was dated September 17, 2022. However, at this point Ms. Patishanova was over the age of 18 years old.

8. On October 20, 2022, the Plaintiffs appealed to the USCIS Office of Administrative Appeals (OAA).

9. On May 9, 2023, OAA issued a decision on her appeal by finding that the USCIS erred in their finding that Ms. Patishanova was ineligible for a Certificate of Citizenship under section 322 of the INA because her father was not a U.S. Citizen at the time of her birth. OAA agreed "that a child does not need to have been born to a U.S. citizen parent to qualify for a Certificate of Citizenship under section 322 of the Act." [Exhibit "A"].

10. Therefore, whether Ms. Patishanova was eligible for the Certificate of Citizenship is not an issue in this case, as OAA has already determined that she was eligible at the time of her interview. According to OAA, Ms. Patishanova had satisfied all requirements for the issuance of the Certificate of Citizenship under section 322 at the time of her interview. If it wasn't for the error committed on the part of the USCIS officer, her Petition would have been granted and she would have taken the Oath of Naturalization at the time of her interview.

11. OAA acknowledged the Petitioner's statement that the Petitioner was eligible for the Certificate at the time of her interview and the U.S. Citizenship and Immigration Services (USCIS) should nevertheless issue a Certificate of Citizenship to her *nunc pro tunc* pursuant to the doctrine of equitable estoppel due to the unreasonable delay in processing the Form N-600K and the incorrect basis for the denial.

12. However, now that Ms. Patishanova was over the age of 18 years old, the OAA stated that it did not have the authority to act *nunc pro tunc* pursuant to the doctrine of equitable estoppel. OAA stated in their decision that "the requirements for citizenship are statutorily mandated by Congress and we do not have authority to issue a Certificate of Citizenship to an applicant who does not meet those statutory requirements for such a certificate…Lastly, and more importantly there is no delegation of authority, statute, regulation, or other law that allows us to apply the doctrine of equitable estoppel to the cases before us; rather, estoppel is an equitable form of relief that is available only through the courts. See Matter of Hernandez-Puente, 20 I&N Dec. 335, 338-39 (BIA 1991). Consequently, we cannot grant the father's request for a *nunc pro tunc* approval of the Form N-600K he filed on the Applicant's behalf." OAA Denial Decision in Exhibit "A".

13. Defendant's unreasonable delay in issuing the written decision and the incorrect basis for denial has caused the Plaintiffs irreparable harm.

14. Therefore, this Petition is filed in this Court to seek the granting of Ms. Patishanova's Petition for a Certificate of Citizenship, *nunc pro tunc*, pursuant to the doctrine of equitable estoppel.

## JURISDICTION AND VENUE

15. This case arises under the INA, 8 U.S.C. § 1101 et seq., 8 USC 1433, Children born and residing outside the United States; conditions for acquiring certificate of citizenship, and the APA, 5 U.S.C. §701 et seq.

16. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201–02.

17. There exists an actual and justiciable controversy between Plaintiffs and Defendants requiring resolution by this Court. Plaintiffs have no adequate remedy at law.

18. The Court has the authority to issue a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. sec. 2201-02 and Rule 47 of the Federal Rules of Civil Procedure.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because substantial part of the events or omissions giving rise to this action occurred in Boston, Massachusetts.

## LEGAL BACKGROUND

## CERTIFICATE OF CITIZENSHIP UNDER INA SECTION 322

The Child Citizenship Act of 2000 (CCA) amended the Immigration and Nationality Act (INA) to cover foreign-born children who did not automatically acquire citizenship under INA 320 and who generally reside outside the United States with a U.S. citizen parent.

A child who regularly resides outside of the United States is eligible for naturalization if all of the following conditions have been met:

- The person is a child of a parent who is a U.S. citizen by birth or through naturalization (including an adoptive parent);
- The child's U.S. citizen parent or citizen grandparent meets certain physical presence requirements in the United States or an outlying possession;

- The child is under 18 years of age;
- The child is residing outside of the United States in the legal and physical custody of the U.S. citizen parent, or of a person who does not object to the application if the U.S. citizen parent is deceased; and
- The child is lawfully admitted, physically present, and maintaining a lawful status in the United States at the time the application is approved and the time of naturalization.

https://www.uscis.gov/policy-manual/volume-12-part-h-chapter-5

Based on the OAA decision in Exhibit A, it is undisputed that all of the required conditions for approval were established at the time of the interview in the Boston USCIS Field Office. Ms. Patishanova (1) is not married and was under 18 years old at the time of the filing of the N-600K, (2) if the application was approved, the USCIS would have administered the Oath of Allegiance before she turned 18 years old, (3) she resides regularly outside the United States with her US Citizen biological Father, (4) she is in the legal and physical custody of the US Citizen Father because they live in the same home as a family, along with her biological mother and her younger sister, (5) her Father has been physically present in the USA for a period or periods totaling at least five years, at least two of which were after 14 years of age, (6) she was lawfully admitted into the USA on a B visa and was physically present for her interview in the USA.

**THE MANDAMUS ACT**

20. Under 28 U.S.C. sec. 1361, the federal mandamus statute, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."

21. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present; (1) a clear right to the relief sought; (2) that

6

the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002) (internal citations omitted).

## THE ADMINISTRATIVE PROCEDURE ACT

22. Under the Administrative Procedure Act (APA), 5 USC §551 et seq. (1946), the Court is authorized to review an agency action if (1) there is a separate statute authorizing review of the action or (2) the action is final and "there is no other adequate remedy in a court" with respect to that action.

23. The APA authorizes courts reviewing agency actions to (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be—

a. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

b. contrary to constitutional right, power, privilege, or immunity;

c. in excess of statutory jurisdiction, authority, limitations, or short of statutory right;

d. without observance of procedure required by law;

e. unsupported by substantial evidence in a case subject to Sections 556 and 557 of Title 5 or otherwise reviewed on the record of an agency hearing provided by statute; and

f. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making these determinations, the court must review the agency's administrative record. In addition, the court must take "due account" of the rule of prejudicial error.

24. The APA mandates that a reviewing court must take due account of the rule of prejudicial error. Under this rule, when a reviewing court determines that an agency erred, the court must ask whether the error prejudiced—or harmed—the person challenging the agency's action.

## EQUITABLE ESTOPPEL AND NUNC PRO TUNC

25. "Nunc pro tunc, . . . meaning 'now for then,' refers to the power of [an adjudication] to treat something done now -- typically a court order -- as effective as of an earlier date." *Gutierrez-Castillo v. Holder*, 568 F.3d 256, 261 (1st Cir. 2009) (quoting Mahabir v. Ashcroft, 387 F.3d 32, 33 (1st Cir. 2004)). *Nunc pro tunc*, meaning "now for then," is an equitable remedy used by courts and administrative bodies to "return aliens to the position in which they would have been, but for a significant error in their immigration proceedings." *Edwards v. I.N.S.*, 393 F.3d 299, 308-09 (2d Cir. 2004) (citing *Batanic v. INS*, 12 F.3d 662, 667 (7th Cir. 1993); *Castillo-Perez v. INS*, 212 F.3d 518, 528 (9th Cir. 2000)). When a matter is adjudicated *Nunc pro tunc*, "it is as if it were done as of the time that it should have been done." *Id.* at 308. *Nunc pro tunc* relief is appropriate "where an agency error would otherwise be irremediable, and where the plaintiff has been deprived of a significant benefit," *id.* at 310, as well as where "the grant would effect a complete disposition of the case ...." *In Re Garcia-Linares*, 21 I. & N. Dec. 254, 257 (BIA 1996).

26. In pursuing *nunc pro tunc* permission, Ms. Patishanova asks to have her application to be granted *nunc pro tunc* to the date of his original interview, before she turned 18 years old.

27. "Estoppel requires showing that the government engaged in 'affirmative misconduct' that caused the petitioning individual to act in a way []he otherwise would not have." *Westover v. Reno*, 202 F.3d 475, 481 (1st Cir. 2000) (quoting *Akbarin v. INS*, 669 F.2d 839, 842-43 (1st Cir. 1982)). *See INS v. Hibi,* 414 U. S. 5, 414 U. S. 8-9 (1973) (per curiam); *Montana v. Kennedy,* 366 U. S. 308, 366 U. S. 314-315 (1961).

28. The Supreme Court has made it clear that before an estoppel will lie against the government a private party must at a minimum demonstrate that all the traditional elements of an estoppel are present. "Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." *See Heckler v. Community Health Services*, 467 U.S. 51, 59-61 (1984), *INS v. Miranda*, 459 U.S. 14 (1982).

29. The USCIS erroneous denial of the application and the unreasonable delay in issuing a written decision, along with the numerous mistakes surrounding the dates that the decision was issued, constitutes affirmative misconduct that would warrant this court to exercise its powers of equitable estoppel.

30. Unlike in the *Pangilinan* case, since OAA has already determined that Ms. Patishanova did qualify for citizenship at the time of her interview. Therefore, the federal court has the discretion to ignore the defective denial and grant citizenship. *INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988). (quoting *Fedorenko v. United States*, 449 U.S. 490, 517 (1981)). By application of the doctrine of estoppel, and by invocation of equitable powers, the court has the power to confer citizenship because it will not be in violation of the limitations established by Congress. This means that the Court has the authority to exercise its equitable powers-*Nunc pro tunc* or otherwise-to convey

9

citizenship where the statutory requirements for naturalization have been met. *Pangilinan*, 486 U.S. at 883-85.

## COUNT I

## WRIT OF MANDAMUS ORDERING USCIS TO ISSUE A CERTIFICATE OF CITIZENSHIP NUNC PRO TUNC

31. The above paragraphs are incorporated herein by reference.

32. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005); see also *Patel v. Reno, 134 F.3d 929, 121 F.3d 1277 (9th Cir. 1997)* at 933 (duty to adjudicate an immigrant visa application).

33. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986)."*Patel v. Reno, 134 F.3d 929, 121 F.3d 1277 (9th Cir. 1997)* at 933 (duty to adjudicate an immigrant visa application).

34. USCIS officer made a prejudicial error at the time of the interview of Ms. Patishanova, which caused her irreparable harm.

35. If it wasn't for the error on the part of USCIS, Ms. Patishanova would have obtained her Certificate of Citizenship, as she was eligible and satisfied all the requirements for a grant of her application at the time of her interview.

36. Ms. Patishanova clearly meets all three of the criteria for a mandamus relief. She has fully complied with all the statutory and regulatory requirements for a

grant of Certificate of Citizenship under INA Section 322. Defendants have unreasonably failed to adjudicate the application according to the law and within a reasonable amount of time, in dereliction of their non-discretionary duties.

37. Adjudication of her application under INA Section 322 is a purely ministerial, non-discretionary, act, whereby USCIS is obligated to grant her application if she was eligible under the law, at the time of her interview.

38. OAA has determined that Ms. Patishanova was eligible under INA Section 322 and that the USCIS denial was erroneous.

39. Ms. Patishanova has no alternative means to obtain relief because Defendants have no statutory authority to issue a decision *nunc pro tunc*. Plaintiffs have no alternative means to obtain adjudication of her application; and their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

40. Accordingly, Ms. Patishanova is entitled to a writ of mandamus and/or order granting her Application for Certificate of Citizenship under INA Section 322, *nunc pro tunc*, as of the date of her interview.

## COUNT II

## THE USCIS VIOLATED THE ADMINISTRATIVE PROCEDURE ACT BY ISSUING AN ERRONEOUS DETERMINATION

41. The above paragraphs are incorporated herein by reference.

42. USCIS officer made a prejudicial error at the time of the interview of Ms. Patishanova, which caused her irreparable harm.

43. But for the error on the part of USCIS, Ms. Patishanova would have obtained her Certificate of Citizenship, as she was eligible and satisfied all the requirements for a grant of her application at the time of her interview.

44. The USCIS determination that Ms. Patishanova did not qualify for an approval of her N-600K application solely because her father was not a US Citizen at her birth was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

45. OAA has determined that Ms. Patishanova was eligible under INA Section 322 and that the USCIS denial was erroneous.

46. Ms. Patishanova has fully complied with all the statutory and regulatory requirements for a grant of Certificate of Citizenship under INA Section 322. Defendants have unreasonably failed to adjudicate the application according to the law and within a reasonable amount of time, in dereliction of their non-discretionary duties.

47. Adjudication of her application under INA Section 322 is a purely ministerial, non-discretionary, act, whereby USCIS is obligated to grant her application if she was eligible under the law.

48. Ms. Patishanova has no alternative means to obtain relief because Defendants have no statutory authority to issue a decision *nunc pro tunc*. Plaintiffs have no alternative means to obtain adjudication of her application.

## COUNT III

### THE USCIS VIOLATED THE ADMINISTRATIVE PROCEDURE ACT BY UNREASONABLY DELAYING ISSUING THE WRITTEN DECISION OF DENIAL UNTIL AFTER THE PLAINTIFF TURNED 18 YEARS OLD

49. The above paragraphs are incorporated herein by reference.

50. USCIS officer made a prejudicial error at the time of the interview of Ms. Patishanova, which caused her irreparable harm.

51. The USCIS delayed the issuance of the written denial without observance of procedure required by law, thereby causing her to age out and to file her appeal after she was already 18 years of age.

52. If it wasn't for the error on the part of USCIS, Ms. Patishanova would have obtained her Certificate of Citizenship, as she was eligible and satisfied all the requirements for a grant of her application at the time of her interview.

53. OAA has determined that Ms. Patishanova was eligible under INA Section 322 and that the USCIS denial was erroneous.

54. Ms. Patishanova has fully complied with all the statutory and regulatory requirements for a grant of Certificate of Citizenship under INA Section 322. Defendants have unreasonably failed to adjudicate the application according to the law and within a reasonable amount of time, in dereliction of their non-discretionary duties.

55. Adjudication of her application under INA Section 322 is a purely ministerial, non-discretionary, act, whereby USCIS is obligated to grant her application if she was eligible under the law.

56. Ms. Patishanova has no alternative means to obtain relief because Defendants have no statutory authority to issue a decision *nunc pro tunc*. Plaintiffs have no alternative means to obtain adjudication of her application.

## COUNT IV
## EQUITABLE ESTOPPEL
## NUNC PRO TUNC DOCTRINE

57. The above paragraphs are incorporated herein by reference.

58. USCIS officer made a prejudicial error at the time of the interview of Ms. Patishanova, which caused her irreparable harm, which is a clear showing of affirmative misconduct.

59. The USCIS determination that Ms. Patishanova did not qualify for an approval of her N-600K application solely because her father was not a US Citizen at her birth was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

60. The USCIS delayed the issuance of the written denial without observance of procedure required by law, thereby causing her to age out and to file her appeal after she was already 18 years of age.

61. But for the error on the part of USCIS, Ms. Patishanova would have obtained her Certificate of Citizenship, as she was eligible and satisfied all the requirements for a grant of her application at the time of her interview.

62. Ms. Patishanova's case clearly meets all the criteria for equitable estoppel relief due to the affirmative misconduct on the part of USCIS.

63. She has fully complied with all the statutory and regulatory requirements for a grant of Certificate of Citizenship under INA Section 322. Defendants have unreasonably failed to adjudicate the application according to the law and within a reasonable amount of time, in dereliction of their non-discretionary duties.

64. Adjudication of her application under INA Section 322 is a purely ministerial, non-discretionary, act, whereby USCIS is obligated to grant her application if she was eligible under the law.

65. OAA has determined that Ms. Patishanova was eligible under INA Section 322 and that the USCIS denial was erroneous.

66. Ms. Patishanova has no alternative means to obtain relief because Defendants have no statutory authority to issue a decision *nunc pro tunc*. Plaintiffs have no alternative means to obtain adjudication of her application; and their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

67. In order to correct the injustice that occurred, the Court should invoke the doctrine of equitable estoppel, by granting her application N-600K nunc pro tunc. In doing so, the case would be finalized, as Ms. Patishanova would obtain her Certificate of Citizenship.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to issue judgment in their favor and against all Defendants, and to grant the following relief:

1. Issuing a Writ of Mandamus by granting Plaintiff's Application for Certificate of Citizenship, *nunc pro tunc*, and ordering USCIS to issue the Certificate of Citizenship and to schedule Ms. Patishanova to attend the Oath of Naturalization ceremony.

2. Award Plaintiffs reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq.;

3. Any other relief the Court may deem just and proper.

Respectfully Submitted,

                                                                                   For Plaintiffs:

/s/ Thomas E. Kenney
Thomas E. Kenney
BBO #561590
Pierce & Mandell, P.C.
11 Beacon St., Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com
LOCAL COUNSEL

/s/ Petia B. Tenev
Petia B. Tenev
4604 49th St N, Ste 1127
Saint Petersburg, FL 33709-3842
      727-697-7173
FLORIDA BAR NO. 93831
ILLINOIS BAR NO. 6341162
tenevlaw@gmail.com
LEAD COUNSEL
Pro Hac Vice Motion Pending